STEPHEN J. COX
ATTORNEY GENERAL

Christopher W. Yandel (Alaska Bar No. 1806057)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5190
Facsimile: (907) 276-3697
Email: chris.yandel@alaska.gov

Attorney for State of Alaska

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HERACLIO SANCHEZ-RODRIGUEZ, ) | |
| ET AL., ) | |
| ) | Case No.: 3:23-CR-00090-1-RRB-KFR |
| Defendant. ) | |

**MOTION TO QUASH SUBPOENA PURSUANT TO CRIMINAL RULE 17(c)(2)
AND VACATE SEPTEMBER 12 EVIDENTIARY HEARING**

I.    INTRODUCTION

Defendant Heraclio Sanchez-Rodriguez moved for preliminary injunctive relief to

remedy alleged violations of his right to access his counsel. The Court ordered that an

evidentiary hearing would be held on three of the issues raised in Mr. Sanchez-

Rodriguez's motion. Mr. Sanchez-Rodriguez ultimately served twenty subpoenas on

various State of Alaska, Department of Corrections employees to appear and testify at the

scheduled evidentiary hearings. The State bears a substantial financial burden for each witness that has to appear and testify making the sheer number of subpoenaed witnesses oppressive warranting quashing under Criminal Rule 17(c)(2), not to mention the astonishing amount of time adducing testimony from twenty witnesses will require. Similarly, the sheer number of subpoenaed witnesses and the shambolic proceedings at the first two days of evidentiary hearings indicate the subpoenas are a prohibited fishing expedition. Moreover, for at least two of the issues raised in the motion for preliminary injunction, any further testimony will be cumulative and thus inadmissible pursuant to Evidence Rule 403 providing further reason to quash the subpoenas. Finally, as to at least one issue raised in the motion for preliminary injunction, the issue is moot justifying quashing any subpoena for further testimony on said issue. Accordingly, the State respectfully moves to quash any subpoena for any witness that has not testified by the end of the evidentiary hearing set for September 11 to vacate the evidentiary hearing set for September 12.

## II.     PROCEDURAL BACKGROUND

Mr. Sanchez-Rodriguez filed a motion for preliminary injunction alleging, among others, that Spring Creek Correctional Center ("SCCC") copied his incoming legal mail outside his presence, that SCCC inspected his outgoing legal mail, and that SCCC searched his legal materials in his cell while he was meeting with his counsel and that

*USA v. Sanchez-Rodriguez*                                        Case No.: 3:23-CR-00090-1-RRB-KFR
Motion to Quash Subpoena Pursuant to Criminal Rule 17(c)(2)                    Page 2 of 16
and Vacate September 12 Evidentiary Hearing

Case 3:23-cr-00090-RRB-KFR     Document 299     Filed 09/02/25     Page 2 of 16

these acts collectively violated his right to access his counsel.[1] The United States opposed,[2] and Mr. Sanchez-Rodriguez replied in support of the motion.[3] The Court scheduled an evidentiary hearing on April 8, 2025 to allow Mr. Sanchez-Rodriguez to adduce testimony proving his allegations.[4]

Mr. Sanchez-Rodriguez, through the United States' Marshals Service, served subpoenas on six SCCC witnesses on April 4, 2025.[5] The State moved to continue the evidentiary hearing or in the alternative to allow the subpoenaed witnesses to appear telephonically on April 7, 2025, noting the operational difficulties presented to SCCC of having six employees absent from the facility on short notice.[6] The Court ordered that the SCCC witnesses could appear telephonically the same day.[7] Mr. Sanchez-Rodriguez declined to proceed with telephonic testimony, and the evidentiary hearing was continued until July 28 and 29.[8]

---

[1]     *See generally* Docket no. 187.

[2]     *See generally* Dkt. No. 189.

[3]     *See generally* Dkt. No. 191.

[4]     Dkt. No. 194.

[5]     Dkt. No. 237 ¶ 2.

[6]     *See generally* Dkt. Nos. 235–37.

[7]     Dkt. No. 239.

[8]     Dkt. No. 241, 248.

*USA v. Sanchez-Rodriguez*                                    Case No.: 3:23-CR-00090-1-RRB-KFR
Motion to Quash Subpoena Pursuant to Criminal Rule 17(c)(2)                    Page 3 of 16
and Vacate September 12 Evidentiary Hearing

Case 3:23-cr-00090-RRB-KFR     Document 299     Filed 09/02/25     Page 3 of 16

In the interim, the Court denied the State's motions due to the State not being a party to the matter.[9] The State then moved to intervene for the limited purpose of providing the State's input on scheduling matters to minimize the burden on state correctional facility operations of having state employees appear and testify at the scheduled evidentiary hearing.[10] The Court granted the State's motion to intervene.[11]

At the same time, the State worked with Mr. Sanchez-Rodriguez to arrange the scheduling of witnesses at the July 28 and 29 evidentiary hearings in a manner that did not unduly burden the State. The parties agreed on a list of five witnesses to appear and testify for each day. On July 28, 2025, the first day of evidentiary hearings proceeded, and one of the five witnesses that had travelled from Seward to Anchorage to comply with the subpoenas testified.[12] The State again worked with Mr. Sanchez-Rodriguez to determine which of the five of the remaining nine witnesses would need to appear on July 29, 2025. On July 29, 2025, the second day of the evidentiary hearing proceeded, and two of the five witnesses that had travelled from Seward to Anchorage to comply with the subpoenas testified.[13] In sum, the State paid for two witnesses to commute from Seward to Anchorage and back once, for four witnesses to commute from Seward to

---

[9] Dkt. No. 245.

[10] Dkt. No. 247.

[11] Dkt. No. 248.

[12] Dkt. No. 285.

[13] Dkt. No. 286.

*USA v. Sanchez-Rodriguez*                                    Case No.: 3:23-CR-00090-1-RRB-KFR
Motion to Quash Subpoena Pursuant to Criminal Rule 17(c)(2)                    Page 4 of 16
and Vacate September 12 Evidentiary Hearing

Case 3:23-cr-00090-RRB-KFR    Document 299    Filed 09/02/25    Page 4 of 16

Anchorage and back twice, for three witnesses to attend the evidentiary hearing twice only not to testify, and for two of those three witnesses to be paid overtime to attend two days of evidentiary hearing only not to testify.[14]

Two more days of evidentiary hearings are currently scheduled for September 11 and 12, 2025.

## III.     LEGAL STANDARD

A party seeking a subpoena duces tecum pursuant to Criminal Rule 17(c) must show that the subpoenaed documents are (1) relevant; (2) not otherwise procurable despite the exercise of due diligence; (3) necessary to prepare for trial; and (4) sought in good faith and not as a general "fishing expedition."[15] The subpoenaed party may move to quash the subpoena as unreasonable or oppressive pursuant to Criminal Rule 17(c)(2).[16]

While it is unclear whether all of these requirements apply to a subpoena ad testificandum served pursuant to Criminal Rule 17(a), collected precedent from the Circuits indicates that such subpoenas can still be quashed as unreasonable or oppressive pursuant to Criminal Rule 17(c)(2).[17] Subpoenas ad testificandum may be quashed

---

[14]     Dkt. Nos. 285–86.

[15]     *United States v. Nixon*, 418 U.S. 683, 699 (1974).

[16]     Fed. R. Crim. P. 17(c)(2).

[17]     *See, e.g.*, *United States v. Bebris*, 4 F.4th 551, 559–60 (7th Cir. 2021) (quashing a subpoena ad testificandum as irrelevant and a fishing expedition).

*USA v. Sanchez-Rodriguez*                                    Case No.: 3:23-CR-00090-1-RRB-KFR
Motion to Quash Subpoena Pursuant to Criminal Rule 17(c)(2)                    Page 5 of 16
and Vacate September 12 Evidentiary Hearing

Case 3:23-cr-00090-RRB-KFR     Document 299     Filed 09/02/25     Page 5 of 16

because they are facially unreasonable and oppressive;[18] because the evidence requested is inadmissible pursuant to Evidence Rule 403;[19] or because they are moot.[20]

## IV.    ARGUMENT

As discussed above, Mr. Sanchez-Rodriguez has served twenty subpoenas ad testificandum on state employees to appear and testify at evidentiary hearings. It cost the State $8,500 for witness to travel and appear at the evidentiary hearings held on July 28 and 29 where three witnesses ultimately testified.[21] At the current rate, it will take eight and a half more days of evidentiary hearings to adduce testimony from the remaining seventeen subpoenaed witnesses, and the costs to the State will balloon. This is oppressive warranting quashing at least some of the remaining subpoenas.

Similarly, the shambolic proceedings at the evidentiary hearings and the sheer number of subpoenas indicate that the subpoenas represent a fishing expedition. While a modicum of relevant testimony was undeniably adduced at the evidentiary hearings held on July 28 and 29, two of the three witnesses representing approximately two-thirds of the total time of testimony given had no personal interaction with Mr. Sanchez-Rodriguez and only testified as to Department of Corrections' policy and SCCC standard operating procedures generally. Notably, such testimony could have been acquired through

---

[18]    *United States v. Echeles*, 222 F.2d 144, 152 (7th Cir. 1955).

[19]    *Bebris*, 4 F.4th at 559; *United States v. Knowles*, 319 Fed. Appx. 547, 549–50 (9th Cir. 2009).

[20]    *United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010).

[21]    Declaration of Matt Stanley ¶ 2; Dkt. Nos. 285–86.

*USA v. Sanchez-Rodriguez*                    Case No.: 3:23-CR-00090-1-RRB-KFR
Motion to Quash Subpoena Pursuant to Criminal Rule 17(c)(2)                    Page 6 of 16
and Vacate September 12 Evidentiary Hearing

Case 3:23-cr-00090-RRB-KFR    Document 299    Filed 09/02/25    Page 6 of 16

depositions by written questions with no need for live testimony.[22] Given the scattershot nature of the witnesses called thus far, the general irrelevance of the majority of the testimony adduced thus far, the superfluity of using the Court's subpoena power to adduce the majority of the testimony, and the sheer number of subpoenas served by Mr. Sanchez-Rodriguez, the only reasonable conclusion is that many of the subpoenas served are impermissible fishing expeditions. Mr. Sanchez-Rodriguez should be required to provide offers of proof to show relevance for the remaining subpoenas.

Moreover, as to two of the three issues the Court allowed to proceed to evidentiary hearing, namely whether Mr. Sanchez-Rodriguez's incoming legal mail is copied outside his presence and whether SCCC is searching Mr. Sanchez-Rodriguez's outgoing legal mail, any further testimony is needlessly cumulative and thus inadmissible pursuant to Evidence Rule 403, justifying quashing any subpoena for further testimony on said issues.

Finally, as to the issue of whether Mr. Sanchez-Rodriguez's incoming legal mail is copied outside his presence, all three witnesses testified that the segregation unit at SCCC now has a dedicated copier making the issue moot, also justifying quashing any subpoena for further testimony on said issue.

---

[22]     *See* Fed. R. Crim. P. 15.

*USA v. Sanchez-Rodriguez*                                    Case No.: 3:23-CR-00090-1-RRB-KFR
Motion to Quash Subpoena Pursuant to Criminal Rule 17(c)(2)                    Page 7 of 16
and Vacate September 12 Evidentiary Hearing

Case 3:23-cr-00090-RRB-KFR     Document 299     Filed 09/02/25     Page 7 of 16

### A.      The subpoenas are impermissible discovery.

In *United States v. Nixon*, the Supreme Court reaffirmed that Criminal Rule 17 subpoenas are not intended to provide a means of discovery.[23] Yet, this is the precise purpose for which Mr. Sanchez-Rodriguez has served twenty subpoenas–to conduct discovery into tertiary issues raised in his motion for preliminary injunction. Notably, Mr. Sanchez-Rodriguez himself has not testified and does not appear to plan to testify despite presumably having personal knowledge of what he has witnessed while incarcerated at SCCC. Similarly, Mr. Sanchez-Rodriguez has access to his institutional file where paper copies recording the various issues raised in his motion are retained[24] and indeed has produced such records as exhibits at the evidentiary hearings held on July 28 and 29. Yet despite these resources, Mr. Sanchez-Rodriguez has served twenty subpoenas on state employees for the explicitly impermissible purpose of conducting discovery. Reading *Nixon* and the Federal Rules of Criminal Procedure together, it is clear that instead of rushing to evidentiary hearing and adducing live testimony through Criminal Rule 17 subpoenas, Mr. Sanchez-Rodriguez instead should have sought depositions through Criminal Rule 15 and provided transcripts from such depositions along with other documentary evidence to prove his entitlement to preliminary injunctive relief in briefing. Accordingly, the subpoenas should be quashed.

---

[23]    *Nixon*, 418 U.S. at 698 (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)).

[24]    22 AAC 05.095(b).

*USA v. Sanchez-Rodriguez*                    Case No.: 3:23-CR-00090-1-RRB-KFR
Motion to Quash Subpoena Pursuant to Criminal Rule 17(c)(2)        Page 8 of 16
and Vacate September 12 Evidentiary Hearing

Case 3:23-cr-00090-RRB-KFR    Document 299    Filed 09/02/25    Page 8 of 16

**B.     The subpoenas are cumulatively oppressive.**

Pursuant to the plain language of Criminal Rule 17, the Court may quash a subpoena as oppressive.[25] As discussed above, the State incurred $8,500 in costs for the witnesses that appeared at the July 28 and 29 evidentiary hearings.[26] Moreover, only three witnesses testified at said evidentiary hearings making the majority of the costs incurred by the State wholly unnecessary. At the current rate Mr. Sanchez-Rodriguez is adducing witness testimony, the Court will need to hold ten full days of evidentiary hearing and an eleventh shortened day of evidentiary hearing. All the while, the costs incurred by the State will balloon. Further still, while the State will be moving to recover its reasonable travel expenses, the vast majority of the costs to the State are represented by paying witnesses salaries for days they are in court instead of at Spring Creek or Correctional or by paying witnesses overtime to appear on days they are not scheduled to work or by paying other employees overtime to cover shifts of witnesses who have missed work to appear and testify.[27] Yet, Criminal Rule 17 does not provide for the State to recover such costs.[28] Such costs and expenditure of the Court's time are cumulatively oppressive justifying quashing the remaining subpoenas.

---

[25]     Fed. R. Crim. P. 17(c)(2).

[26]     Declaration of Matt Stanley ¶ 2.

[27]     Declaration of Matt Stanley ¶¶ 5–6.

[28]     Fed. R. Crim. P. 17(b), (d).

*USA v. Sanchez-Rodriguez*                    Case No.: 3:23-CR-00090-1-RRB-KFR
Motion to Quash Subpoena Pursuant to Criminal Rule 17(c)(2)                    Page 9 of 16
and Vacate September 12 Evidentiary Hearing

Case 3:23-cr-00090-RRB-KFR     Document 299     Filed 09/02/25     Page 9 of 16

**C.    The subpoenas are cumulatively unreasonable and a prohibited fishing expedition.**

Criminal Rule 17 facially provides that subpoenas may be quashed as unreasonable,[29] and federal courts routinely quash subpoenas that are little more than a fishing expedition.[30]

As discussed above, Mr. Sanchez-Rodriguez served subpoenas on twenty state employees to appear and testify at scheduled evidentiary hearings. Yet, two of the three witnesses Mr. Sanchez-Rodriguez called at the July 28 and 29 had never had any personal interaction with Mr. Sanchez-Rodriguez and could only testify as to DOC policy and SCCC standard operating procedures generally. Even more alarmingly, when the Court ordered that witnesses from SCCC could appear telephonically, Mr. Sanchez-Rodriguez declined to proceed with the scheduled evidentiary hearing, insisting upon live testimony. Yet, again, said live testimony was a shambolic affair; the majority of which was barely relevant to the factual questions before the Court and available through other means. Worse yet, Mr. Sanchez-Rodriguez has no excuse for the scattershot manner in which he has called witness; he has personal knowledge of who he has actually interacted with at SCCC and clearly has access to his institutional records, as he produced many of them as exhibits, to refresh his recollection as to who he actually interacted with. The only reasonable conclusion to be drawn from all of these facts is that the majority of the

---

[29]    Fed. R. Crim. P. 17(c)(2).

[30]    *See, e.g.*, *Nixon*, 418 U.S. at 700.

*USA v. Sanchez-Rodriguez*                              Case No.: 3:23-CR-00090-1-RRB-KFR
Motion to Quash Subpoena Pursuant to Criminal Rule 17(c)(2)              Page 10 of 16
and Vacate September 12 Evidentiary Hearing

subpoenas Mr. Sanchez-Rodriguez has served are little more than fishing expeditions or, even worse, deliberately intended to harass SCCC staff.

On that point, such subpoenas intended to harass another party are patently unreasonable. In *United States v. Echeles*, the Seventh Circuit held that a subpoena designed to force opposing counsel to bring "a carload of personnel jackets" to court was unreasonable and oppressive and upheld quashing the subpoena pursuant to Criminal Rule 17.[31] The Seventh Circuit's reasoning is clear–a subpoena designed for little more than to harass and inconvenience the subpoenaed party is patently unreasonable and oppressive.

The State draws a fine line here. Undeniably, some of the testimony adduced at the July 28 and 29 evidentiary hearings is relevant to assisting the Court in resolving the factual questions before it. Yet, the sheer volume of subpoenas combined with Mr. Sanchez-Rodriguez's insistence upon in-person testimony further combined with the nature of the testimony adduced thus far leaves little room but to conclude that, at least as an ulterior motive, the subpoenas are designed to harass the State as the custodian of Mr. Sanchez-Rodriguez during the pendency of his federal prosecution.

Accordingly, the remaining subpoenas are both a fishing expedition and unreasonable and should thus be quashed.

---

[31] *Echeles*, 222 F.2d at 152 ("At the time the court quashed this subpoena, he stated, 'After all, you do not want him (district attorney) to bring a carload of personnel jackets in here', to which defense counsel replied, 'Yes, I do, your Honor.'").

*USA v. Sanchez-Rodriguez*                     Case No.: 3:23-CR-00090-1-RRB-KFR
Motion to Quash Subpoena Pursuant to Criminal Rule 17(c)(2)            Page 11 of 16
and Vacate September 12 Evidentiary Hearing

Case 3:23-cr-00090-RRB-KFR    Document 299    Filed 09/02/25    Page 11 of 16

**D. Further testimony regarding the copying of Mr. Sanchez-Rodriguez's incoming legal mail outside his presence or the inspection of Mr. Sanchez-Rodriguez's outgoing legal mail is cumulative and thus inadmissible pursuant to Evidence Rule 403 and any subpoena seeking to adduce further testimony on either issue should be quashed.**

Both the Seventh and Ninth Circuits have held that it is appropriate for a district court to quash a subpoena under Criminal Rule 17 if the subpoena seeks evidence that is cumulative and thus inadmissible pursuant to Evidence Rule 403.

In *United States v. Knowles*, the defendant sought a subpoena under Rule 17(c) for FBI training materials to support his theory that FBI had erroneously caught him in their predator-pedophile online search net to support an entrapment defense.[32] The Ninth Circuit upheld the district court quashing the subpoena under Rule 17(c) because such materials could not "pass muster under [Rule] 403."[33]

Similarly, in *United States v Bebris*, the defendant sought corporate records from Facebook to try and prove that Facebook was a state actor when searching its platform for child sex abuse materials.[34] The Seventh Circuit affirmed the district court quashing the subpoena reasoning that sworn declaration testimony from the government that Facebook's cooperation was wholly voluntary was sufficient for the district court to

---

[32]     *Knowles*, 319 Fed. Appx. at 549–50.

[33]     *Id.* (alteration in original).

[34]     *Bebris*, 4 F.4th at 561.

*USA v. Sanchez-Rodriguez*                          Case No.: 3:23-CR-00090-1-RRB-KFR
Motion to Quash Subpoena Pursuant to Criminal Rule 17(c)(2)                    Page 12 of 16
and Vacate September 12 Evidentiary Hearing

Case 3:23-cr-00090-RRB-KFR     Document 299     Filed 09/02/25     Page 12 of 16

resolve the issue making any further evidence from Facebook cumulative and thus inadmissible pursuant to Evidence Rule 403.[35]

Cumulatively, these cases show that a district court is within its discretion when quashing a subpoena seeking cumulative evidence that is not admissible pursuant to Evidence Rule 403. All three witnesses testified at the July 28 and 29 evidentiary hearings that SCCC currently has a copier dedicated to making copies of incoming legal mail in the presence of any inmate housed in the segregation unit. Any further testimony on this point is needlessly cumulative. Similarly, all three witnesses testified that it is SCCC practice to conduct a cursory investigation of outgoing legal mail to answer the threshold question of whether the purported legal mail is actually legal mail. While Mr. Sanchez-Rodriguez and the federal government and the State clearly disagree on whether this standard operating procedure violates DOC policy, the constitution, or both, further testimony on the factual issue is also needlessly cumulative.

Accordingly, any subpoena seeking to adduce further testimony on either of these issues should be quashed.

**E.** **Further testimony on whether Mr. Sanchez-Rodriguez's incoming legal mail was copied outside his presence is moot justifying quashing on subpoena seeking to adduce further testimony on the issue.**

Finally, the Ninth Circuit has held that a subpoena may be quashed when it has become moot. In *United States v. Krane*, the defendants pleaded guilty during the

---

[35]     *Id.*

*USA v. Sanchez-Rodriguez*                                    Case No.: 3:23-CR-00090-1-RRB-KFR
Motion to Quash Subpoena Pursuant to Criminal Rule 17(c)(2)                    Page 13 of 16
and Vacate September 12 Evidentiary Hearing

Case 3:23-cr-00090-RRB-KFR     Document 299     Filed 09/02/25     Page 13 of 16

pendency of the federal government's appeal of the district court quashing a subpoena.[36] The Ninth Circuit held that the defendants' guilty plea was an intervening event that had mooted the need for the subpoena because the Ninth Circuit could no longer provide any relief, even if it reversed the district court.[37] The situation regarding Mr. Sanchez-Rodriguez's allegation that his incoming legal mail is being copied outside his presence and his argument that this violates his right to access his counsel is directly analogous. Even if Mr. Sanchez-Rodriguez's incoming legal mail was being copied outside his presence due to the lack of a copier in the segregation unit,[38] and even if this practice violated his right to access his counsel, SCCC acquiring a dedicated copier for the segregation unit is an intervening event that has mooted the issue. The only relief the Court could provide to Mr. Sanchez-Rodriguez on this issue would be to order SCCC not to copy his incoming legal mail outside his presence, but the undisputed testimony from the July 28 and 29 evidentiary hearings shows that this is no longer an issue due to SCCC acquiring a dedicated copier for the segregation unit. As such, the Court cannot provide Mr. Sanchez-Rodriguez any relief on this issue, making it moot, and making it appropriate to quash any subpoena seeking evidence on the issue, just as in *Krane*.

---

[36] *Krane*, 625 F.3d at 574.

[37] *Id.*

[38] Notably, Mr. Sanchez-Rodriguez did not adduce any testimony showing this at either the July 28 or 29 evidentiary hearings.

*USA v. Sanchez-Rodriguez*  Case No.: 3:23-CR-00090-1-RRB-KFR
Motion to Quash Subpoena Pursuant to Criminal Rule 17(c)(2)  Page 14 of 16
and Vacate September 12 Evidentiary Hearing

Case 3:23-cr-00090-RRB-KFR  Document 299  Filed 09/02/25  Page 14 of 16

Accordingly, any subpoena seeking to adduce further testimony as to whether Mr. Sanchez-Rodriguez's legal mail is being copied outside his presence should be quashed.

## V.     CONCLUSION

For the reasons stated above, the motion should be granted and any remaining subpoena for any remaining witnesses after the September 11 evidentiary hearing should be quashed.

DATED: September 2, 2025.

STEPHEN J. COX
ATTORNEY GENERAL


By:     /s/Christopher W. Yandel
Christopher W. Yandel
Assistant Attorney General
Alaska Bar No. 1806057
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Phone:  (907) 269-5190
Facsimile:  (907) 276-3697
Email:  chris.yandel@alaska.gov
Attorney for State of Alaska

*USA v. Sanchez-Rodriguez*                                          Case No.: 3:23-CR-00090-1-RRB-KFR
Motion to Quash Subpoena Pursuant to Criminal Rule 17(c)(2)                    Page 15 of 16
and Vacate September 12 Evidentiary Hearing

Case 3:23-cr-00090-RRB-KFR     Document 299     Filed 09/02/25     Page 15 of 16

<u>Certificate of Service</u>
I certify that on September 2, 2025 the foregoing **Motion to Quash Subpoena Pursuant to Criminal Rule 17(c)(2) and Vacate September 12 Evidentiary Hearing** was served electronically on:

David D. Fischer
Law Offices of David D. Fischer, APC
david.fischer@fischerlawoffice.com

Richard G. Novak
Law Offices of Richard G. Novak
richard@rgnlaw.com

Tasha P. Chalfant
Tasha Paris Chalfant Law PC
tashachalfant@gmail.com

Christopher D. Schroeder
U.S. Attorney's Office (Anch)
christopher.schroeder@usdoj.gov

Alana Weber
U.S. Attorney's Office (Anch)
alana.weber@usdoj.gov

Stephan A. Collins
U.S. Attorney's Office (Anch)
Stephan.Collins@usdoj.gov

/s/Christopher W. Yandel
Christopher W. Yandel, Assistant Attorney General

*USA v. Sanchez-Rodriguez*                                    Case No.: 3:23-CR-00090-1-RRB-KFR
Motion to Quash Subpoena Pursuant to Criminal Rule 17(c)(2)                    Page 16 of 16
and Vacate September 12 Evidentiary Hearing

Case 3:23-cr-00090-RRB-KFR    Document 299    Filed 09/02/25    Page 16 of 16