IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>HERACLIO SANCHEZ-RODRIGUEZ,<br><br>　　　　　　　Defendant. | Case No. 3:23-cr-00090-RRB<br><br>**ORDER REGARDING PLAINTIFF'S OBJECTIONS TO MAGISTRATE DECISION REGARDING SUBPOENAS**<br>**(Docket 323)** |

　　　　　Before this Court are the Government's Objections to the Magistrate's decision at Docket 317 denying a Motion to Quash Subpoenas.[1] The Court has reviewed the objections and Defendant's response,[2] as well as the recording of the September 30, 2025, hearing before the Magistrate, and the relevant filings regarding the underlying Motion to Address Conditions of Confinement.[3]

　　　　　The Government's position is that Defendant's conditions of confinement are constitutional, that there were no violations of law or policy interfering with his ability to communicate with his attorneys or prepare for his case, and that the Magistrate lacked jurisdiction

---

[1] Docket 323. The Government's motion is considered by the undersigned pursuant to Fed. R. Crim. P. 59(a) ("A party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets. The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous.").

[2] Docket 329.

[3] Docket 187.

to order the relief requested because he could not order the Alaska DOC to change any of its policies, nor could the Magistrate order the U.S. Marshal to transfer Defendant to a different institution.[4] The Government also complains that the legal arguments in Defendant's briefing were based on the DOC *policies* regarding the handling of legal mail that have since been refined. But Defendant now complains that it is the actions of *individual* state employees that require factual testimony.[5]

Defendant argues that the Government "seeks to avoid judicial scrutiny of serious constitutional violations by invoking procedural barriers and mischaracterizing the defendant's claims. . . . This is not a systemic challenge to Alaska DOC policies—it is a focused inquiry into whether government actors violated Mr. Sanchez-Rodriguez's Sixth Amendment rights in this specific criminal case."[6] Defense counsel speculates generally that prison staff are looking at Defendant's outbound mail to his lawyer, thus compromising the attorney-client privilege and chilling communication in violation of the Sixth Amendment.

Generally, issues exclusively related to conditions of confinement are outside the jurisdiction of a defendant's criminal proceedings and are properly addressed through a civil action, rather than in a pretrial motion in the criminal case.[7] But the Magistrate found that, *in this case*, some of Defendant's complaints might implicate the fundamental constitutional right of

---

[4] Docket 189 (sealed).
[5] Indeed, oral argument suggests that some of the practical complaints, such as photocopying legal mail in front of Defendant, have been resolved since the motion was first filed. Docket 321 at 5–6, 78.
[6] Docket 329 at 1.
[7] *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973) (A "civil rights action . . . [pursuant to 42 U.S.C. § 1983] is the proper method of challenging 'conditions of . . . confinement.'").

*United States v. Sanchez-Rodriguez*     Case No. 3:23-cr-00090-RRB
Order Regarding Plaintiff's Objections to Magistrate Decision Regarding Subpoenas     Page 2
Case 3:23-cr-00090-RRB-KFR     Document 330     Filed 11/04/25     Page 2 of 4

access to the courts, necessitating intervention in the context of the criminal case. This Court declines to second-guess that finding.

Moreover, this Court reviews the Magistrate's non-dispositive orders for clear error or findings contrary to law.[8] The Court agrees with Defendant that the Magistrate's decision to permit limited additional testimony "falls squarely within his discretion to manage pretrial proceedings and develop an adequate factual record."[9] Given the narrow focus set forth by the Defendant at Docket 329, the limited nature of the inquiry Defendant seeks, and the fact that the Court cannot conclude that the order in question is clearly erroneous or contrary to law, the Court will not intercede to vacate the subpoenas sought.

That being said, this Court notes that the relief Defendant seeks is a moving target. At the hearing, the Magistrate asked defense counsel to clarify the relief requested and suggested that Defendant's issues may better be remedied via a motion to dismiss, a motion to remove the prosecutor, or a motion to suppress evidence that had been obtained illegally. But defense counsel declined these remedies, stating that the only relief requested was to rehouse Defendant "in a facility . . . where the rules are followed with regard to legal mail and the Sixth Amendment,"[10] without identifying an institution more to his liking. However, in Defendant's most recent filing, he argues that "[t]he appropriate remedy is not limited to suppression—dismissal or other sanctions may be warranted depending on the scope of the intrusion into the attorney-client relationship."[11] Defendant maintains that "there is substantial evidence that

---

[8] Fed. R. Crim. P. 59(a); 28 U.S.C. § 636(b)(1)(A).
[9] Docket 329 at 4–5.
[10] Docket 321 at 12–13.
[11] Docket 329 at 2.

*United States v. Sanchez-Rodriguez*  Case No. 3:23-cr-00090-RRB
Order Regarding Plaintiff's Objections to Magistrate Decision Regarding Subpoenas  Page 3
Case 3:23-cr-00090-RRB-KFR   Document 330   Filed 11/04/25   Page 3 of 4

government agents directed, participated in, or benefited from Alaska DOC's seizure of attorney-client privileged materials," arguing that discovery produced by the Government "include documents seized from Mr. Sanchez-Rodriguez's cell that were clearly attorney work product and trial preparation materials."[12] He alleges that "the record shows that prosecutors have reviewed, copied, and produced in discovery materials seized from the defendant's cell during searches that occurred while he was meeting with his attorneys."[13] While the Government disputes most, if not all, of Defendant's arguments, the Magistrate is in a better position than this Court, at this point, to consider these issues. Moreover, nothing prevents the Magistrate from reconsidering his ruling on the Motion to Quash *sua sponte*, should further proceedings warrant revisiting the issue.

Accordingly, the aforesaid objections are DENIED.

IT IS SO ORDERED this 4th day of November, 2025, at Anchorage, Alaska.

                                                  */s/ Ralph R. Beistline*  
                                                  RALPH R. BEISTLINE  
                                                  Senior United States District Judge

---

[12] *Id.*
[13] *Id.*

*United States v. Sanchez-Rodriguez*                                                           Case No. 3:23-cr-00090-RRB  
Order Regarding Plaintiff's Objections to Magistrate Decision Regarding Subpoenas          Page 4  
Case 3:23-cr-00090-RRB-KFR    Document 330    Filed 11/04/25    Page 4 of 4